**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

        - against -                          18 Cr. 457-3 (JGK)

**MARITES MENOR,**                             <u>ORDER</u>

                     Defendant.

---

**JOHN G. KOELTL, District Judge:**

In preparing the written Judgment in this case, which has not yet been entered, a gap in the sentencing transcript was caught. At Page 11 of the transcript, after listening to the parties, the Court announced that it "would impose a sentence of time-served, to be followed by a sentence of three years supervised release with the standard conditions of supervised release in this district and those recommended by the probation department." Tr. at 11. The Court then listed other provisions of the sentence, explained that it had explained the reasons for the sentence, and listened to the parties for anything to be added, but there was nothing to be added. The Court then stated, "Pursuant to the Sentencing Reform Act of 1984, it is the judgment of this Court that the defendant, Marites Menor, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of time-served. Within 72 hours the defendant shall report in person to the probation office in this District. While on supervised release, the defendant shall comply with the standard conditions of supervised release in

this district." Id. at 13. The Court then listed the conditions of supervised release as well as other provisions of the sentence. The Court did not repeat that the term of supervised release was to be three years. The Court asked counsel for each side whether they knew of "legal reason why this sentence should not be imposed as so stated," and counsel for each party said, "No." Id. at 15.

While the Court did not repeat that the term of supervised release was to be three years, it appears that the three-year term of supervised release was clear from the record. The Court intends to sign a judgment that includes the three-year term of supervised release, unless there is any objection or proposal for any other relief. This Order will constitute a correction to the transcript pursuant to Fed. R. Crim. P. 36, to the extent that any correction is necessary. See United States v. Webber, 51 F. 3d 342, 347 n.13 (2d Cir. 1995).

The parties are directed to provide the Court with their views by letter by July 14, 2021.

**SO ORDERED.**

Dated: New York, New York
July 9, 2021

_____
John G. Koeltl
United States District Judge